## No. 728

### MONROE BANK v. R. F. SEARS, Trustee

#### No. 19179. Supreme Court

On motion to certify. Dock. May 29, 1925; 3 Abs. 359.

**127. BANKRUPTCY**—Does acceptance of security by lender, constitute a preference under the Bankruptcy Act, when said lender has knowledge that debtor uses money loaned to pay other creditors?

The petition in the case was filed in the Monroe Common Pleas by R. F. Sears, trustee, alleging a preference under the Bankruptcy Act. An answer was filed denying this preference and alleging the pendency of another action to recover the same property based upon the same transaction.

The trial court refused to consolidate the cases or make the plaintiff in the other action a party defendant in the case at bar. Numerous exceptions were taken to the admission and rejection of evidence by the Bank in the trial court. Final judgment was rendered in favor of Sears and from this judgment, the Bank prosecuted error to the Court of Appeals.

The Court of Appeals found that the cases should have been consolidated but failed to reverse for this reason, and the question of preference was the only error considered by it. The Court of Appeals modified the judgment of the Common Pleas and affirmed it as a modified. The case is now pending in the Supreme Court on a motion to certify. The questions presented in this case are:

1. Does the Court of Appeals have the right to render final judgment in an error proceedings in the absence of the finding of facts by the trial court and in the absence of an agreement between the parties as to ultimate controlling facts in the case?

2. Is it error for the Court of Appeals in reviewing a case on a petition in error, to fail to pass upon all the errors urged in the reviewing court?

3. Has the Court of Appeals, the right to render final judgment in an error proceedings, when the question as to the admission and rejection of the evidence was raised in trial court and insisted upon in the error proceedings?

4. Does the reviewing Court, when it finds the case at bar and another case pending in the trial court at the same time; should have been consolidated by the trial court, but were not; have the right to render final judgment in the case instead of reversing and remanding it; and render the judgment which it thinks the trial court should have rendered, or should said cases be remanded to the trial court for consolidation and further proceedings therein?

## STATE SUPREME COURT—Continued

5. If one party makes a loan to another who is probably insolvent and takes security for the same and the debtor uses the money so loaned to pay other creditors with the knowledge of the lender, does the giving of the security to the lender constitute a preference under the Bankruptcy Act, such as will be set aside at the suit of the trustee?

6. Does the Court of Appeals have the right to find error prejudicial to defendant in error in reviewing a case when the defendant in error has not filed a cross petition in error and makes no such claims in the reviewing Court; and can it render final judgment in accordance with such finding?

Attorneys—Moore, Devaul & Moore, for Bank; R. F. Sears for Sears; all of Woodsfield.